[Cite as *State v. Knox*, 2014-Ohio-1107.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25528 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-273 |
| v. | : | |
| | : | |
| ALBERT KNOX, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MATTHEW T. CRAWFORD, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CANDI S. RAMBO, Atty. Reg. #0076627, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     Albert Knox appeals from the trial court's judgment entry revoking community control for a menacing-by-stalking conviction and imposing an eighteen-month prison sentence.

**{¶ 2}** Knox advances two assignments of error. The first alleges ineffective assistance of counsel. The second challenges the trial court's denial of a suppression motion prior to the menacing-by-stalking conviction.

**{¶ 3}** The record reflects that Knox was charged with two counts of menacing by stalking in 2012. He subsequently moved to suppress certain statements he made. The trial court denied the motion after a hearing. Knox then entered a negotiated plea of guilty to one of the two counts, and the other count was dismissed. The trial court imposed an agreed-upon community control sanction in a June 12, 2012 judgment entry. Also filed on that date is a form titled "Entry Acknowledging Understanding of Right to Appeal" which describes Knox's appellate rights and which he signed. Thereafter, Knox allegedly violated the terms of community control. The trial court held a hearing and found multiple violations. In a December 4, 2012 judgment entry, it revoked community control and imposed an eighteen-month prison sentence. This appeal followed.

**{¶ 4}** In his first assignment of error, Knox contends his trial counsel rendered ineffective assistance by allowing him to plead guilty to one count of menacing by stalking. Knox claims the guilty plea waived a challenge to the trial court's denial of his suppression motion. He argues that counsel should have advised him to plead no contest, thereby preserving his ability to challenge the suppression ruling.

**{¶ 5}** Upon review, we find Knox's argument to be barred by res judicata. The present appeal is from the trial court's December 4, 2012 judgment entry revoking community control. If Knox wished to pursue his ineffective-assistance claim on direct appeal, he should have appealed from the trial court's June 12, 2012 judgment entry, which convicted him pursuant to his guilty plea and imposed community-control sanctions. The present appeal involves only the   December

4, 2012 judgment entry revoking community control. In that context, Knox cannot now argue ineffective assistance of counsel based on the plea. *Cf. State v. Havens*, 2d Dist. Champaign No. 10CA0027, 2011-Ohio-5019, ¶ 7-9 (finding that res judicata precluded a defendant from challenging his guilty plea in an appeal from the revocation of community control). The first assignment of error is overruled.

{¶ 6}     In his second assignment of error, Knox claims the trial court erred in overruling his suppression motion. Once again, however, the trial court overruled that motion before he entered his guilty plea and before its June 12, 2012 judgment entry. If Knox desired to challenge the suppression ruling, he should have appealed from the June 12, 2012 judgment entry of conviction and sentence. He cannot raise the suppression issue now in the context of his appeal from the trial court's revocation of community control. The second assignment of error is overruled.

{¶ 7}     The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Matthew T. Crawford
Candi S. Rambo
Hon. Mary K. Huffman