[Cite as *State v. Cooper*, 2019-Ohio-3919.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28181 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-1140 |
| | : | |
| JEFFREY COOPER | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2019.

. . . . . . . . . . .

LINDSAY E. BOZANICH, Atty. Reg. No. 0097356, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Jeffrey Cooper appeals from a judgment of the Dayton Municipal Court, which found that he violated the terms of his community control, revoked his community control sanctions, and ordered him to serve 120 days in jail concurrently with two sentences from another municipal court. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In May 2018, Cooper pled guilty to assault, a first-degree misdemeanor. The trial court sentenced him to 180 days in jail, of which 120 days were suspended; Cooper received credit for 34 days served, and he was ordered to serve the remaining 26 days. The trial court also placed Cooper on two years of community control with conditions that he have no contact with the victim, that he not return to the location of the assault, and that he obtain grief counseling at Woodhaven Treatment Center. Cooper did not appeal from his conviction.

{¶ 3} On July 25, 2018, the trial court filed a notice that Cooper allegedly had violated the conditions of his community control by failing to report to the probation department as ordered. The court initially held a hearing on the allegation on August 23, 2018, but Cooper failed to appear.

{¶ 4} Cooper was arrested on a bench warrant on September 11, and the matter was scheduled for September 20, 2018. Defense counsel did not appear for the September 20 hearing, and the hearing was reset for the following day (September 21). At that time, Cooper admitted that he did not meet with the probation department following the completion of his jail term, although he said that he had called the probation department regarding his admission to Woodhaven. Cooper also told the judge that his

probation officer with the Miamisburg Municipal Court, where he had two other cases, had arranged for his admission to Woodhaven. The court looked up Cooper's Miamisburg sentences on the jail website, but found only an order of incarceration.

{¶ 5} The trial court revoked Cooper's community control and ordered him to serve the 120-day suspended sentence. Cooper received credit for 11 days held, leaving 109 days to be served concurrently with the sentences from Miamisburg Municipal Court.[1] The trial court indicated that it would release Cooper if the Miamisburg Municipal Court also elected to release him. On September 25, 2018, the trial court filed its judgment entry revoking Cooper's community control and imposing the suspended jail term.[2]

{¶ 6} Cooper appeals from the trial court's judgment, raising three assignments of error. We will address them in an order that facilitates our analysis.

## II. Competency Evaluation

{¶ 7} In his second assignment of error, Cooper claims that the trial court erred

---

[1] The online docket for Miamisburg Municipal Court reflects that Cooper was sentenced on September 10, 2018 in Case No. 18CRB1525 (theft) to 180 days in jail with credit for 8 days and assessed fines and costs of $500. On the same day, in Case No. 18CRB1558 (theft), Cooper received 180 days in jail with credit for 60 days. The jail terms were to be served consecutively to each other. Cooper was also placed on three years of community control and trespassed from Walmart and the Dayton Mall in both cases.

[2] The Dayton Municipal Court's online docket reflects that Cooper filed a motion for stay of sentence pending appeal on December 12, 2018. The trial court granted the motion on December 13, 2018.

The online docket for Cooper's Miamisburg Municipal Court cases show that Cooper's jail terms were suspended on November 1, 2018, and he was admitted to Woodhaven thereafter. Cooper apparently left Woodhaven on December 24, 2018, and his suspended jail sentences were reinstated on January 4, 2019. His remaining jail sentences were again suspended in March 2019, when he was ordered to complete outpatient treatment at Cornerstone. As of March 7, 2019, Cooper had 44 days remaining in Case No. 18CR1558 plus 125 days remaining in Case No. 18CRB1525, all of which were suspended.

when it "failed to order a competency evaluation on its own order when acknowledging the defendant may have had some mental defect relating to competency."

{¶ 8} A defendant is incompetent to stand trial if he or she "is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense * * *." R.C. 2945.37(G). Criminal defendants are rebuttably presumed to be competent to stand trial. *Id.*

{¶ 9} The test for determining whether a defendant is competent to stand trial is whether he or she has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and whether the defendant has a rational and factual understanding of the proceedings against him or her. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995) and *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). In determining if incompetence was established, courts should consider the following: "(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61, 531 N.E.2d 732 (8th Dist.1987).

{¶ 10} It is well established that a defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and assisting his counsel; incompetency must not be equated with "mere" mental illness or emotional instability. *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986); *State v. Fahl*, 2d Dist. Clark No. 2005-CA-98, 2006-Ohio-1809, ¶ 8. *Accord State v. Smith*, 89 Ohio St.3d 323, 329, 731 N.E.2d 645 (2000).

{¶ 11} In support of his argument that the trial court should have ordered a competency evaluation, Cooper cites to the following exchange between the trial court and defense counsel at the August 23, 2018 violation hearing (from which Cooper was absent); defense counsel had asked the trial court about Cooper's conditions of community control:

THE COURT: So, he [Cooper] was supposed to do the grief counseling at Woodhaven Treatment Center. He was to have no contact with the mosque or [the victim] and he was not to, you know, go back onto Broadway [the location]. He had two years of probation. There was really a[n], a[n] issue of, you know, his mental capacity –

THE DEFENSE: Yeah.

THE COURT: And so, that's what they were but he never showed up, so –

THE DEFENSE: Yeah.

THE COURT: They weren't able to do anything.

(Tr. at 36.)

{¶ 12} Upon review of the transcripts, the record does not suggest that Cooper was incompetent at any time during the proceedings. Cooper had lengthy discussions with the court at the plea hearing and subsequent hearings. His statements reflected his understanding of the events that precipitated the assault, his desire to address his issues with addiction and grief from the death of his brother, and his request to be placed on community control so that he could receive in-patient counseling at Woodhaven. Although the court made a passing reference to Cooper's "mental capacity," we find no indication that the trial court had any basis to pursue a competency evaluation for Cooper.

{¶ 13} Cooper's second assignment of error is overruled.

### III. Ineffective Assistance of Counsel

{¶ 14} Cooper's first assignment of error reads that his "trial counsel was ineffective for not requesting a competency evaluation of the defendant." His argument, however, claims that his trial counsel failed to communicate with Cooper throughout the community control revocation process and that counsel's "lack of any performance on multiple occasions * * * so underprovided to Mr. Cooper's case" that counsel's conduct was constitutionally deficient.

{¶ 15} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.). Trial counsel is also entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 16} Cooper asserts that there "was obviously some question as to Mr. Cooper's competence or mental capacity in some way throughout the proceedings in this case," and he claims that counsel should have requested a competency evaluation. Cooper

further notes that the trial court had to refresh counsel's memory about Cooper at the August 23, 2018 hearing, that counsel did not appear for the September 20, 2018 hearing, and that Cooper was confused about his sentence for the assault. Cooper also argues that the record of the September 21 hearing reflects that defense counsel did not talk to him (Cooper) before the hearing.

{¶ 17} As stated above, we find nothing in the record to suggest that Cooper was incompetent and, accordingly, we find no basis to conclude that defense counsel rendered ineffective assistance by failing to request a competency evaluation of Cooper. Cooper spoke extensively on his own behalf and engaged in lengthy discussions with the trial court about his cases. His arguments were clear and coherent and reflected an understanding of the cases and the issues then before the court.

{¶ 18} In addition, based on the record before us, we cannot conclude that Cooper's defense counsel otherwise rendered ineffective assistance. Counsel missed the September 20 court date, but made arrangements to be there for the community control violation hearing on the following day. Although Cooper spoke extensively on his own behalf, defense counsel also advocated to the trial court against revocation or to terminate his probation as unsuccessful. Specifically, counsel argued at the September 21 hearing:

> THE DEFENSE: Your Honor, again I wish, I know that he admitted. I don't know all of the circumstances underlying but when he was ordered to appear at the probation department, I just simply, on a revocation notice, it says that he failed to report to the probation department as ordered. I, I question whether or not Mr. Cooper had ever even received any request to

appear at the probation department. Maybe it was a, a lack of communication. I know some responsibility has to fall on Mr. Cooper to reach out to the probation department but, Mr. Cooper, do you also have transportation issues? You don't have your automobile do you or a valid license?

THE DEFENDANT: No but I, I called. I called down there and they told me, my understanding like I told the judge, I'm not going to lie about anything, I was told that the probation department was supposed to help me get inside Woodhaven Treatment Center. I called down there and the lady was telling me that, that, that you know, that I was going to have to call Woodhaven every day, that they really couldn't get me in there, that's why I didn't go.

THE DEFENSE: I would just add, Your Honor, respectfully either because he's got these sentences pending in Miamisburg, it sounds like he's going to be doing some time and he has served some time on this case, to either give him credit for time served and to have him continue on probation or respectfully terminate him as unsuccessful.

{¶ 19} The record does not support a conclusion that defense counsel's performance in this case fell below an objective standard of reasonableness. Accordingly, Cooper's first assignment of error is overruled.

### IV. Knowing, Intelligent, and Voluntary Plea

{¶ 20} In his third assignment of error, Cooper claims that he did not enter his plea knowingly, intelligently, and voluntarily and the trial court "partially failed in compliance of

said plea." Cooper argues that the trial court failed to literally comply with Crim.R. 11 during his plea hearing, that he failed to understand his rights and the implications of his guilty plea, and that he expressed his lack of understanding at the revocation hearing, thus showing prejudice.

**{¶ 21}** "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶ 22}** Res judicata bars Cooper from raising an issue on appeal from the revocation of his community control sanctions which could have and should have been raised on direct appeal from the judgment of conviction in which community control was first imposed. *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 8. *Accord State v. Knox*, 2d Dist. Montgomery No. 25528, 2014-Ohio-1107 (defendant cannot challenge denial of motion to suppress and raise ineffective assistance of counsel at plea hearing during appeal from the revocation of his community control). Whether the trial court complied with Crim.R. 11 at his May 1, 2018 plea hearing and whether he entered his plea knowingly, intelligently, and voluntarily were matters that Cooper could have, and should have, raised on direct appeal from his assault conviction. Accordingly, these issues are not appropriately raised in this appeal stemming from the revocation of

his community control.

**{¶ 23}** Cooper's third assignment of error is overruled.

### V. Conclusion

**{¶ 24}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Lindsay E. Bozanich
Adam J. Arnold
Hon. Deirdre E. Logan