[Cite as *State v. Kloeker*, 2021-Ohio-2534.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : |
| | : Appellate Case No. 2020-CA-10 |
| Plaintiff-Appellee | : |
| | : Trial Court Case Nos. 2018-CR-171 & |
| v. | : 2019-CR-176 |
| | : |
| PATRICK ALLEN KLOEKER | : (Criminal Appeal from |
| | : Common Pleas Court) |
| Defendant-Appellant | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 202 Scioto Street, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Patrick Allen Kloeker pleaded guilty to a charge of theft in Champaign C.P. No. 2018-CR-171 and was convicted. Later, in Champaign C.P. No. 2019-CR-176, he pleaded guilty to charges of aggravated drug trafficking and failure to appear as required by recognizance and was convicted. He now appeals from his convictions, claiming his guilty pleas were the result of ineffective assistance of trial counsel. Kloeker fails to convince us, so we affirm.

## I. Factual and Procedural Background

{¶ 2} Kloeker was a roofer with a drug problem. On April 7, 2018, Lester Petty, an elderly man and long-time customer, hired Kloeker to do some work on his roof at a cost of $12,250. When they signed the written agreement, Petty gave Kloeker a $600 deposit. A couple of days later, Petty gave Kloeker $4,400 to cover the remainder of the deposit. A few days after that, Petty gave Kloeker an advance of $2,250. Almost two weeks later, Petty gave Kloeker another advance of $600. After another two weeks, Petty advanced Kloeker $2,000, then another $2,000. Then Petty advanced Kloeker $255. By mid-May 2018, Petty had given Kloeker $12,105, and Kloeker had stopped working.

{¶ 3} In July, Petty went to the Urbana Police Department and told Officer Brandon McCain of his interaction with and payment of Kloeker. Officer McCain went to talk to Kloeker. Kloeker told McCain that he had used some of the money for roofing materials ($1,500), which he had stored at the home of his grandmother, and some of the money paid for labor ($1,000). Kloeker admitted that he had used the rest of Petty's money to buy drugs and pay bills. Officer McCain went to the grandmother's home to check for the

materials that Kloeker said he had purchased, but he did not find any. McCain referred the matter to the Champaign County prosecutor.

{¶ 4} In September 2018, the prosecutor indicted Kloeker in Case No. 2018-CR-171 on one count of theft over $7,500 from a person in a protected class (elderly person), a third-degree felony. Under a plea agreement, the protected-class element was dropped, and Kloeker pleaded guilty to an amended charge of fourth-degree theft over $7,500. In December, Kloeker was convicted and sentenced to five years of community control; he was also ordered to pay Petty restitution of $10,000 (the value of the unfinished work).

{¶ 5} In June 2019, Kloeker's lost cellphone was found and given to Officer Casey Evans, who in turn gave it to Kloeker's probation officer. The probation officer went through the phone and discovered text messages that referred to drug trafficking. Officers went to Kloeker's home to question him about the text messages, and Kloeker denied knowing anything about them. When an officer asked Kloeker what a drug test would show, Kloeker admitted that he had used oxycodone, cocaine, and marijuana. He further admitted that he had obtained pills for his girlfriend. Kloeker consented to the search of the vehicle that he had been driving, and officers found multiple pills, cut straws, marijuana, and other drug-related items inside. Kloeker was arrested and jailed. There, under questioning from a police officer and his probation officer, Kloeker admitted that he had been buying and using drugs.

{¶ 6} The trial court was notified in July 2019 of Kloeker's community-control violations (drug use and drug trafficking). At a hearing, Kloeker stipulated to the merits of the violations and was granted bond on house arrest with work exceptions. One condition

of his bond was that he wear an ankle monitor. Because more charges were expected, a dispositional hearing for the community-control violations was scheduled for August 22.

{¶ 7} The additional charges were filed on August 5, when Kloeker was indicted in Case No. 2019-CR-176 on two counts of aggravated trafficking in drugs, two counts of aggravated possession of drugs, possessing criminal tools (with a forfeiture specification for his cellphone), and illegal use or possession of drug paraphernalia. The next day, Kloeker removed his ankle monitor, and a warrant was soon issued for his arrest. Kloeker then failed to appear for the August 22 dispositional hearing. He was finally arrested in January 2020.

{¶ 8} On March 11, 2020, a hearing was held for both cases: a community control violation hearing and sentencing in the 2018 case, and a plea and sentencing hearing in the 2019 case. Kloeker did not contest the merits of the community-control violations (harming property owned by the court and jail when he removed the ankle monitor and failing to appear at the August 22 hearing), and he admitted to bond violations (removing the ankle monitor and unauthorized travel). Under a negotiated plea agreement, Kloeker pleaded guilty to one count of aggravated trafficking in drugs and admitted to failing to appear as required by recognizance. The trial court sentenced Kloeker to consecutive prison terms and ordered him to pay restitution in both cases.

{¶ 9} Kloeker appeals.

## II. Analysis

{¶ 10} Kloeker's sole assignment of error alleges that he was denied his constitutional right to effective assistance of counsel in both cases and that this caused him to plead guilty.

{¶ 11} "To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him." *Andrus v. Texas*, __ U.S. __, 140 S.Ct. 1875, 1881, 207 L.Ed.2d 335 (2020), citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant "must (1) show that counsel's performance 'fell below an objective standard of reasonableness' as determined by 'prevailing professional norms' and (2) demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 140, quoting *Strickland* at 688.

{¶ 12} "The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." (Emphasis sic.) *State v. Bean,* 11th Dist. Geauga No. 2008-G-2839, 2009-Ohio-682, ¶ 11. *Accord State v. Roebuck*, 2d Dist. Montgomery No. 24799, 2012-Ohio-1859, ¶ 13 ("Entry of a voluntary guilty plea waives the right to raise ineffective assistance of counsel claims, except to the extent that ineffective assistance caused the guilty plea to be less than knowing or voluntary.").

**A. Pleading guilty to theft (Case No. 2018-CR-171)**

{¶ 13} Regarding Case No. 2018-CR-171, Kloeker asserts that counsel failed to explain to him that by pleading guilty to theft he would be admitting that he had acted

"with purpose to deprive," R.C. 2913.02(A)(2), that is, with the "specific intention," R.C. 2901.22(A) (defining "purposely"), to take Petty's money without doing the work. In other words, Kloeker argues that, if counsel had properly explained that the State would have had to prove that it was his intent to take the money without doing the work, he would not have pleaded guilty, because there was no evidence to support that element. According to Kloeker, counsel's failure precluded him from entering his guilty plea knowingly, intelligently, and voluntarily. Kloeker also contends that counsel was ineffective for failing to challenge the trial court's exercise of subject-matter jurisdiction, when the facts showed that this was a civil breach-of-contract matter.

{¶ 14} The State contends that these two issues are res judicata because Kloeker failed to timely appeal the theft conviction. We agree. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." (Citation omitted.) *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. Here, the judgment of conviction for the theft offense imposing a conditional community-control sentence was entered on December 4, 2018. Kloeker did not appeal. When he later violated the community-control conditions, his community control was revoked, and the trial court imposed a prison sentence for the theft offense in the March 11, 2020 judgment of conviction from which Kloeker has appealed. "Any issues related to the knowing, intelligent, and voluntary nature of his guilty plea could have been raised in a direct appeal. Therefore, res judicata precludes him from raising those issues now." *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 8. And with respect to the issue of subject-matter jurisdiction, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of

that jurisdiction renders the court's judgment voidable, not void. Generally, a voidable judgment may only be set aside if successfully challenged on direct appeal." (Citations omitted.) *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. The trial court here plainly had subject-matter jurisdiction over this case. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 35 (common pleas courts have "subject-matter jurisdiction over felony cases").

{¶ 15} There is no merit in Kloeker's claim of ineffective assistance with respect to his guilty plea to theft.

### B. Pleading guilty to aggravated drug trafficking (Case No. 2019-CR-176)

{¶ 16} Regarding Case No. 2019-CR-176, Kloeker claims that counsel was ineffective for not filing a motion to suppress his incriminating statements to law enforcement officers. He argues that the statements were the fruit of his probation officer's unlawful warrantless search and seizure of his cellphone. Kloeker argues that, without his statements, he would not have pleaded guilty to aggravated drug trafficking.

{¶ 17} "Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se. To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." (Citation omitted.) *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65. Kloeker fails to prove this.

{¶ 18} The search of Kloeker's cellphone was not unlawful, because he consented to it. Kloeker apparently forgets that he gave his probation officer permission to search his cellphone when the community-control sanction was imposed. At that time, Kloeker signed a document listing the supervision conditions. Condition number 7 stated: "I agree

to the warrantless search of my person, motor vehicle, place of residence, *personal property*, or property that I have been given permission to use, by my supervising officer or other authorized personnel of the Ohio Department of Rehabilitation and Correction at any time." (Emphasis added.). Kloeker fails to show a basis to suppress his incriminating statements.

{¶ 19} There is no merit in Kloeker's claim of ineffective assistance for not filing a motion to suppress.

{¶ 20} Kloeker has failed to show that his trial counsel rendered ineffective assistance. The sole assignment of error is overruled.

### III. Conclusion

{¶ 21}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Kevin S. Talebi
Regina Rosemary Richards
Hon. Nick A. Selvaggio