[Cite as *State v. Feathers*, 2021-Ohio-2881.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>   Plaintiff-Appellee,<br><br>- v -<br><br>DAVID E. FEATHERS,<br><br>   Defendant-Appellant. | CASE NOS.  2020-P-0070<br>      2020-P-0071<br>      2020-P-0072<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br>Trial Court No. 2016 CR 00695 |

**O P I N I O N**

Decided: August 23, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, David E. Feathers, appeals from the judgment of the Portage County Court of Common Pleas, ordering him to serve three years of incarceration following the revocation of his probation for Failure to Comply. For the following reasons, we affirm the judgment of the lower court.

{¶2} On September 22, 2016, Feathers was indicted by the Portage County Grand Jury for Failure to Comply with Order or Signal of Police Officer, a felony of the

third degree, in violation of R.C. 2921.331.

{¶3} On February 27, 2017, Feathers entered a plea of guilty to the offense as charged in the indictment. The guilty plea was accepted by the trial court and the finding of guilt was memorialized in a Judgment Entry on the same date.

{¶4} A sentencing hearing was held on May 15, 2017, at which the court ordered Feathers to serve 180 days in jail with work release, 12 months of intensive supervision probation, and 36 months of general probation.

{¶5} On July 19, 2019, the probation department filed a Motion to Revoke/Modify Probation on the grounds that Feathers pled guilty to various charges in the Ashland County Court of Common Pleas. A hearing was held on October 21, 2019, at which the trial court addressed motions to revoke in this case, Portage County Case No. 2016 CR 00695, and Portage County Case No. 2004 CR 00424, which involved convictions for Aggravated Burglary, Felonious Assault, and Domestic Violence. At the hearing, Feathers admitted to violating the terms of his probation. The court found Feathers "is no longer amenable to community control sanctions and I'm going to terminate his probation, impose the balance of the prison term [and] * * * [t]hat will run consecutive to anything from Ashland County that has not been fulfilled." The court issued an October 23, 2019 Judgment Entry in which it ordered that Feathers be sentenced to a term of three years in prison for the offense of Failure to Comply, and ordered that the term run consecutive to the sentence in Portage County Case No. 2004 CR 00424. In the entry, it stated that the consecutive sentence "is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public."

2

{¶6} On September 4, 2020, Feathers moved for a delayed appeal, which this court granted.

{¶7} Feathers raises the following assignments of error on appeal:

{¶8} "[1.] Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of the maximum penalties involved as required by Crim.R. 11(C)(2)(A) which included a consecutive prison sentence for a conviction of felony failure to comply with order or signal of police officer to any other felony prison sentence.

{¶9} "[2.] The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

{¶10} In his first assignment of error, Feathers argues that the court, at the plea hearing, failed to advise him of the mandatory consecutive sentence for Failure to Comply if he was sentenced for another felony. He asserts that this constituted a lack of compliance with Crim.R. 11 and rendered his plea involuntary.

{¶11} Issues relating to the voluntariness of a plea must be raised on direct appeal from the entry of a defendant's conviction. *State v. Haworth*, 11th Dist. Portage No. 2019-P-0042, 2020-Ohio-1326, ¶ 18 ("we cannot consider [the defendant's] challenge to the voluntariness of his plea, which should have been raised via direct appeal" rather than on appeal from the revocation of community control). "'If there was a problem with the voluntariness of [the defendant's] plea, [he] should have raised it in response to the earlier judgment [of conviction]. * * * We cannot – for want of appellate jurisdiction – consider the untimely argument raised under this assignment.'" *Id.* at ¶ 19, citing *State v. Grimes*, 2d Dist. Montgomery No. 20746, 2005-Ohio-4510, ¶ 11; *State v. Owens*, 3d Dist.

3

Crawford Nos. 3-19-16, et al., 2020-Ohio-5573, ¶ 19 (The defendant "could have challenged any defect in the plea colloquy on direct appeal, but he failed to do so. Thus, [his] present challenge of his original plea colloquy is barred by res judicata."). Feathers failed to raise such a challenge in a direct appeal in 2017 after he entered his plea and was convicted for Failure to Comply and cannot now raise this argument for the first time simply because a new, appealable entry has been issued on a probation violation. *Haworth* at ¶ 18; *State v. Cooper*, 2d Dist. Montgomery No. 28181, 2019-Ohio-3919, ¶ 22.

{¶12} We must address, however, the status of the present appeal before this court. In a September 4, 2020 motion, Feathers sought leave to file delayed appeals before this court, filing three separate notices of appeal from the February 27, 2017 entry accepting his plea of guilty to Failure to Comply, August 1, 2018 entry extending appellant's intensive supervision probation, and the October 23, 2019 entry granting the motion to revoke and sentencing Feathers to serve three years in prison. This court granted the request for filing delayed appeals and consolidated the cases, although it stated the following: "For purposes of review and timeliness of the appeals, the October 23, 2019 final entry will be considered the appealed entry for all three appeals." This court further found that Feathers stated "a satisfactory reason for a delay of almost ten months filing his appeals."

{¶13} We do not find that this allows Feathers to avoid the application of res judicata and raise issues that should have been raised through a direct appeal over three years ago. This court did not find a justification for an over three-year delay in appealing from the 2017 entry of conviction and sentence and Feathers did not set forth such a

4

reason, providing only justifications relating to the delay in appealing from the 2019 entry. This court recognized that the October 23, 2019 entry is "the appealed entry." Thus, this appeal does not serve as a direct appeal from the original entry of conviction and does not allow Feathers to now dispute whether his plea was entered voluntarily.

{¶14} The first assignment of error is without merit.

{¶15} In his second assignment of error, Feathers argues that the lower court did not make the necessary findings to justify a consecutive sentence as required by R.C. 2929.14(C)(4). He argues that there were no reasons provided in open court for the consecutive sentences and the findings in the Judgment Entry were insufficient to meet these requirements.

{¶16} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶17} Generally, "[u]nder R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are 'necessary to protect the public from future crime or to punish the offender'; (2) that consecutive sentences are 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the

5

public'; (3) 'and * * * also' that one of the circumstances described in subdivision (a) to (c) is present." (Citation omitted.) *State v. Claar*, 11th Dist. Portage No. 2019-P-0091, 2020-Ohio-1330, ¶ 11. "[A] trial court is required to make the[se] findings * * * at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.*, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2104-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶18} Here, however, the foregoing findings were not required. Feathers entered a plea of guilty to Failure to Comply, a felony of the third degree. As stated in the indictment, he "operated a motor vehicle * * * so as willfully to elude or flee a police officer" which "caused a substantial risk of serious physical harm to persons or property" which is a violation of R.C. 2921.331(B). Pursuant to R.C. 2921.331(D), "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." R.C. 2921.331(C)(5) sets forth the circumstances under which a violation is a felony of the third degree. Feathers' plea of guilty to a third-degree felony under the circumstances contained in the indictment makes R.C. 2921.331(D) applicable and, thus, a consecutive sentence was mandatory. *See State v. Wright*, 11th Dist. Lake No. 2006-L-017, 2006-Ohio-3435, ¶ 6 (appellant's plea to a third-degree felony violation of R.C. 2929.331(B) "effectively admitted the findings under R.C. 2921.331(C)(5)(a)").

As this court has consistently held, "[w]hen R.C. 2921.331(D) is applicable in a given case, the trial court is not obligated to make factual findings under R.C.

6

2929.14(C)(4) prior to imposing consecutive prison terms" since the imposition of a prison term is mandatory. *State v. Lough*, 11th Dist. Trumbull No. 2015-T-0093, 2016-Ohio-3513, ¶ 24; *see Wright* at ¶ 20. Since the trial court was not required to make R.C. 2929.14(C)(4) findings, there is no error.

{¶19} The second assignment of error is without merit.

{¶20} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case Nos. 2020-P-0070, 2020-P-0071, 2020-P-0072