[Cite as *State v. Blackburn*, 2023-Ohio-2697.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                   :

          :
      Appellee               :    C.A. No. 2022-CA-30

          :
v.                       :    Trial Court Case No. 2019 CR 221

          :
TYLER BLACKBURN         :    (Criminal Appeal from Common Pleas
          :    Court)
      Appellant         :

          :

. . . . . . . . . . .

O P I N I O N

Rendered on August 4, 2023

. . . . . . . . . . .

JANE A. NAPIER, Attorney for Appellee

CHRIS BECK, Attorney for Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Tyler Blackburn appeals from the trial court's revocation of community control sanctions (CCS) and the imposition of an eighteen-month prison sentence. For the following reasons, we affirm.

## I.     Facts and Procedural History

{¶ 2} In October 2019, Blackburn was indicted on one count of attempted tampering with evidence, one count of possession of cocaine, and one count of aggravated possession of drugs. Following negotiations, he entered a guilty plea to the charges of attempted tampering with evidence and possession of cocaine. In exchange for his plea, the State dismissed the charge of aggravated possession of drugs. The trial court sentenced Blackburn to three years of CCS. Blackburn did not appeal his conviction.

{¶ 3} In November 2022, a notice of CCS violation was filed which alleged that Blackburn had been unsuccessfully discharged from a required treatment program. The notice also alleged that Blackburn had been convicted of failure to comply with an order of a police officer in two separate cases in Clark County. A hearing on the violations was conducted, and Blackburn did not contest the violations. On November 21, 2022, the trial court revoked Blackburn's CCS and imposed an aggregate sentence of 18 months in prison to be served consecutively to the sentence for his convictions in Clark County.

{¶ 4} Blackburn appeals.

## II.    Analysis

{¶ 5} Blackburn's sole assignment of error states as follows:

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 6} This appeal is from the trial court's November 2022 judgment entry revoking Blackburn's CCS. However, Blackburn does not raise any arguments related to that judgment. Instead, Blackburn alleges that he was denied the effective assistance of counsel regarding his 2019 guilty plea and conviction. Specifically, he asserts that his trial counsel failed to properly advise him that the evidence in the underlying case "would likely not be sufficient" to sustain a conviction for the charges of possession of cocaine and aggravated possession of drugs. Thus, he argues that his guilty plea was not knowing, intelligent, and voluntary.

{¶ 7} Since any issue related to whether Blackburn's 2019 guilty plea was knowing, intelligent, and voluntary could have been raised in a direct appeal, the doctrine of res judicata bars him from now asserting this argument. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."). To advance this argument, Blackburn should have appealed from the trial court's November 14, 2019 judgment entry, which convicted him pursuant to his guilty plea and imposed community-control sanctions. *See State v. Kloeker*, 2d Dist. Champaign No. 2020-CA-10, 2021-Ohio-2534, ¶ 14; *State v. Havens*, 2d Dist. Champaign No. 2010-CA-27, 2011-Ohio-5019, ¶ 9 ("Defendant's claim that his guilty pleas were not entered knowingly, intelligently and voluntarily clearly could have been raised on direct appeal, but was not. Accordingly, that claim is now barred by res judicata.").

{¶ 8} Because Blackburn's argument is barred by res judicata, his sole assignment

of error is overruled.

### III. Conclusion

{¶ 9} The assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.