[Cite as *State v. Francis*, 2024-Ohio-1746.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ALAN MATTHEW FRANCIS,

        Defendant-Appellant.

CASE NO. 2023-T-0089

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2005 CR 00867

# O P I N I O N

Decided: May 6, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Alan Matthew Francis*, pro se, PID# A562-142, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Alan M. Francis, appeals the denial of his Motion to Vacate Void Plea/Judgment by the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the court below.

{¶2}    On January 22, 2009, Francis entered a plea of "no contest" to the following charges: two counts of Aggravated Murder with firearm specifications; Aggravated Burglary with a firearm specification; four counts of Aggravated Robbery with firearm

specifications; Robbery; and Having Weapons While Under Disability. Francis was subsequently sentenced to an aggregate prison term of forty years to life.

{¶3} On March 17, 2016, Francis filed a Motion to Vacate Void Plea/Judgment. Francis argued therein:

> This matter comes before this Court predicated upon one error, an oversight if you will, that declares the Defendant's plea invalid and void as a matter of law. The Trial Court erred to the prejudice of the Defendant by failing to orally, nor in writing, personally explain the meaning and effect of his NO CONTEST plea under Criminal Rule 11(B)(2) as is required by Criminal Rule 11(C)(2)(b).

{¶4} On October 13, 2023, Francis filed a Motion for Leave to Supplement Defendant's Motion to Vacate Void Plea/Judgment with Affidavit to Support Arguments Presented.

{¶5} On October 18, 2023, the trial court denied Francis' Motion.

{¶6} On November 9, 2023, Francis filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The Trial Court Erred by Accepting Appellant's No-Contest Plea Without Informing Appellant of the Effect of a No-Contest Plea as Required by Crim.R. 11(B)(2)."

{¶7} Francis argues that the trial court wholly failed to advise him of the effect of a no contest plea, as set forth in Criminal Rule 11(B)(2) and (C)(2)(b), so that "a prejudice analysis is not necessary and the plea must be vacated." Brief of the Appellant at 12.

{¶8} "In felony cases the court * * * shall not accept a plea of * * * no contest without first addressing the defendant personally * * * and * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of * * * no contest." Crim.R. 11(C)(2)(b). "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, * * * and the

2

Case No. 2023-T-0089

plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2).

{¶9} This Court, and others, have held that "[i]ssues relating to the voluntariness of a plea must be raised on direct appeal from the entry of a defendant's conviction." *State v. Feathers*, 11th Dist. Portage No. 2020-P-0070, 2020-P-0071, and 2020-P-0072, 2021-Ohio-2881, ¶ 11 (cases cited). When raised after the entry of a final judgment, such claims are barred by res judicata. *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981) ("[u]nder the doctrine of res judicata the Crim.R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue"); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59 ("[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal"). Stated otherwise, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16; *State v. Kirklin*, 11th Dist. Portage No. 2020-P-0040, 2021-Ohio-896, ¶ 7 ("because Kirklin could have raised his argument that the trial court failed to comply with Crim.R. 11(C)(2) on direct appeal, it is now barred by the doctrine of res judicata").

{¶10} Contrary to Francis' position, the failure to provide the mandatory advisements of Criminal Rule 11 does not render the resulting judgment of conviction void. *Kirklin* at ¶ 7 ("[a]ny claimed failure to comply with Crim.R. 11(C) would render the judgment voidable, not void"). As one appellate court has explained in the context of the failure to advise a defendant of his constitutional rights under Criminal Rule 11 but which is equally applicable to the Rule's non-constitutional provisions:

3

Case No. 2023-T-0089

Indeed, "[c]ourts have held in the past that the failure of a trial court to strictly comply with Crim.R. 11(C)(2)(c) renders a plea 'void' and subject to collateral attack at any time because the plea was not entered knowingly, intelligently and voluntarily." *State v. Greene*, 3d Dist. Crawford No. 3-20-06, 2020-Ohio-5133, ¶ 8. "However, the Supreme Court of Ohio has recently 'realigned [its] jurisprudence with the traditional understanding of void and voidable sentences,' which altered the quagmire of what made certain convictions 'void' and other convictions 'voidable.'" *Id.*, quoting *State v. Harper*, [160] Ohio St.3d [480], 2020-Ohio-2913, ¶ 43.

In *Harper*, the Supreme Court of Ohio stated that "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Harper* at ¶ 26. Furthermore, "[g]enerally, a voidable judgment may only be set aside if successfully challenged on direct appeal." *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007Ohio-4642, ¶ 28.

*State v. Owens*, 3d Dist. Crawford Nos. 3-19-16 and 3-19-17, 2020-Ohio-5573, ¶ 15-16.

{¶11} The sole assignment of error is without merit.

{¶12} For the foregoing reasons, the denial of Francis' Motion to Vacate Void Plea/Judgment is affirmed. Costs to be taxed against the appellant.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

4

Case No. 2023-T-0089