**[Cite as *State v. Rickman*, 2025-Ohio-2657.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.    WD-24-051
                                                                        WD-24-052

        Appellee                                 Trial Court No.  2022 CR 0164
                                                                  2022 CR 0149

v.

Martin T. Rickman                                **DECISION AND JUDGMENT**

        Appellant                                Decided:  July 29, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This consolidated case is before the court on appeal from two judgments of

the Wood County Common Pleas Court, both of which revoked appellant, Martin T.

Rickman's community control and sentenced him to prison.  For the reasons that follow,

we affirm.

## Assignment of Error

{¶ 2} On appeal, Rickman asserts the following assignment of error:

> The trial court abused its discretion by finding [Rickman] competent to enter a plea without reliable, credible evidence. As a result, [Rickman]'s guilty pleas were not offered knowingly, intelligently and voluntarily.

## Statement of the Case and Facts

{¶ 3} This appeal stems from two underlying criminal cases.

{¶ 4} The first is Wood County case No. 2022CR0164 ("C164"). In that case, on April 21, 2022, Rickman was indicted with one count of petty theft, a violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree, as Count One; one count of aggravated menacing, a violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree, as Count Two; one count of kidnapping, a violation of R.C. 2905.01(B)(1) and (C)(1), a felony of the second degree, as Count Three; one count of abduction, in violation of R.C. 2905.02(A)(1) and (C), a felony of the third degree, as Count Four; three counts of assault, violations of R.C. 2903.13(A) and (C), misdemeanors of the first degree, as Counts Five, Eight, and Nine; one count of kidnapping, in violation of R.C. 2905.01(B)(2) and (C)(1), a felony of the first degree, as Count Six; and one count of abduction, in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree, as Count Seven.

{¶ 5} In the second case, Wood County case No. 2022CR0149 ("C149"), Rickman was indicted on June 2, 2022, with one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the second degree, as Count One; and one

2.

count of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree, as Count Two. These charges stemmed from allegations of drug trafficking after Rickman was found asleep at the wheel after reports were made of a vehicle driving recklessly in Lake Township, Wood County.

{¶ 6} At arraignments held on April 26, 2022, and on June 21, 2022, respectively, Rickman pled not guilty to all counts.

{¶ 7} On July 26, 2022, Rickman's counsel requested competency and psychiatric evaluations be completed. The court ordered for those evaluations to be completed; however, Rickman did not comply with the scheduled evaluations and notified the court of his choice not to participate on October 4, 2022, at a final pretrial. After the court's investigation, the trial court determined that Rickman was competent.

{¶ 8} On October 11, 2022, a plea hearing was held. The attorneys detailed the plea agreement as follows. In C149, Rickman agreed to enter a plea of guilty to an amended Count One, trafficking in cocaine, a felony of the third degree, and an amended Count Two, possession of cocaine, a felony of the third degree, and the parties agreed those offenses would merge at sentencing. In C164, Rickman agreed to plead guilty to an amended Count One, petty theft; Count Two, aggravated menacing; and Count Eight, assault, and to pay $288 in restitution to the victim. In return, the State agreed to dismiss the remaining counts in C164 at sentencing. Rickman's attorney was asked whether Rickman was entering his plea knowingly and voluntarily, and his attorney answered in the affirmative.

3.

{¶ 9} The trial court then conducted the Crim. R. 11 colloquy to ascertain whether Rickman was making his pleas knowingly, voluntarily, and intelligently. Afterwards, Rickman's counsel, with Rickman's approval, withdrew the motion for the competency evaluation. That motion was granted, with the court noting Rickman's approval. The trial court also questioned Rickman's father regarding whether he believed that Rickman "has been able to understand everything and comprehend everything and make a reasoned decision," to which his father answered that he did. The court then found Rickman guilty of Counts One, Two, and Eight, as charged in C164, as well as to amended Counts One and Two, now felonies of the third degree, in C149.

{¶ 10} Rickman was sentenced on both cases on November 22, 2022. He was sentenced to five years of community control in each case, to run concurrently with one another, and was notified that the court was reserving prison terms in each case to be ordered in the event that he violated the terms of his community control. Rickman was made aware of his right to appeal and the 30-day time period in which he had to file his appeal. Rickman did not file an appeal.

{¶ 11} On April 21, 2024, Rickman was charged with an OVI offense after being found asleep, in his running vehicle, at a gas station. On April 26, 2024, and May 3, 2024, the State filed petitions for revocation of community control in both cases. The court held a probation violation hearing on June 4, 2024, where the court found Rickman had violated his terms of probation. He was then terminated from community control and

4.

was ordered to serve the reserved sentences – 180 days on each count in C164, and 36 months for Count One in C149, to be served concurrently for a total of 36 months.

{¶ 12} Rickman filed separate notices of appeal on July 11, 2024. The appeal of C164 was assigned Case No. WD-24-051 and the appeal of C149 was assigned Case No. WD-24-052. They were consolidated for purposes of appeal.

## Law and Analysis

{¶ 13} Rickman's sole assignment of error contends that the trial court erred in finding him competent, and thus, his pleas were not made knowingly, intelligently, and voluntarily. The State argues that this court does not have jurisdiction to consider this assigned error, as Rickman did not appeal the original judgment entries of November 22, 2022, and therefore waived any issues arising from those judgment entries.

{¶ 14} "Issues relating to the voluntariness of a plea must be raised on direct appeal from the entry of a defendant's conviction." *State v. Feathers*, 2021-Ohio-2881 (11th Dist.), citing *State v. Haworth*, 2020-Ohio-1326, ¶ 18 (11th Dist.). When a defendant fails to challenge the voluntariness of a guilty plea on direct appeal, a subsequent challenge after a probation violation is barred by res judicata. *See e.g., Feathers* at ¶ 13, *State v. Cooper*, 2019-Ohio-3919, ¶ 22 (2d Dist.). Here, Rickman only challenged his convictions in the underlying cases after the hearing for revocation of community control had taken place and he was subsequently sentenced to a prison term. As his only challenge is to the voluntariness of his pleas, that matter should have been raised on direct appeal. Since he failed to do so, Rickman's claim is barred by res

5.

judicata. *State v. Kloeker*, 2021-Ohio-2534, ¶ 14 (2d Dist.), quoting *State v. Grimes*, 2017-Ohio-25, ¶ 8 (2d Dist.).

{¶ 15} Rickman's assignment of error is found not well-taken.

**Conclusion**

{¶ 16} The judgments of the Wood County Common Pleas Court are affirmed. Pursuant to App.R. 24, Rickman is hereby ordered to pay the costs incurred on appeal.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.