[Cite as *Logan v. Conkey*, 2012-Ohio-4687.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| CITY OF LOGAN, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA34 |
| | : | |
| vs. | : | **Released: October 1, 2012** |
| | : | |
| PHILLIP J. CONKEY, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Benjamin E. Fickel, Logan, Ohio, for Appellant.

Jonah M. Saving, City of Logan Law Director, Logan, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Hocking County Municipal Court judgment entry, issued after a bench trial in which Appellant was found guilty of one count of receiving stolen property, in violation of Logan City Code Section 131.18(A), a first degree misdemeanor. On appeal, Appellant contends that 1) the trial court erred to his prejudice when it rendered a decision contrary to the manifest weight of the evidence; and 2) the trial court erred by imposing court costs without notifying him that failure to pay court costs may result in the court's ordering him to perform community

service. However, because our review of the record indicates that the trial court's January 3, 2012, entry was not a final, appealable order, we are without jurisdiction to consider this matter and therefore must dismiss the appeal.

## FACTS

{¶2} A complaint was filed against Appellant, Phillip Conkey, on April 1, 2011, in the Hocking County Municipal Court, charging Appellant with one count of receiving stolen property, a first degree misdemeanor, in violation of Logan City Code Section 131.18(A). The complaint stemmed from a police report filed by Charles Smith, claiming that Appellant had stolen his laptop computer and pawned it a Cashland, located in Logan, Ohio, and a subsequent police investigation confirming that the laptop had been pawned by Appellant.

{¶3} The matter proceeded to a bench trial on September 6, 2011. Appellee presented the testimony of Charles Smith in support of its case against Appellant. Smith essentially claimed that Appellant had stolen his laptop computer at some point in late January of 2011, while Appellant was assisting Smith during a move to a new residence. Smith testified that he did not give Appellant permission to pawn the computer, and he did not sell it to Appellant. Appellant and his girlfriend testified on Appellant's behalf at

trial. Appellant testified that he purchased the computer from Smith on January 28, 2011, for $220.00. Smith's girlfriend testified that she was present at the time and witnessed the transaction between Appellant and Smith.

{¶4} The trial court found Appellant guilty of receiving stolen property by entry dated November 21, 2011. Appellant was subsequently sentenced on January 3, 2012. A sentencing entry issued that date indicated Appellant was sentenced to 180 days in jail, with 170 days of that time suspended and credit for three days served, two years of community control, and a $350.00 fine and costs. Further, the trial court stayed Appellant's sentence pending appeal. Appellant filed his notice of appeal on January 3, 2011, assigning the following errors for our review.[1]

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT RENDERED A DECISION CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

II.     THE TRIAL COURT ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING MR. CONKEY THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE."

---

[1] Appellant initially filed his notice of appeal on December 19, 2011, prior to being sentenced. Appellant subsequently filed a motion with this Court asking his prior filing be treated as a prematurely filed. We granted his request on January 30, 2012.

LEGAL ANALYSIS

{¶5} Before reaching the merits of the assignments of error raised by Appellant, we must first address a threshold jurisdictional issue related to whether the January 3, 2012, entry constitutes a final, appealable order. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The January 3, 2012, entry contains the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk, but it does not state the fact of conviction. As such, the trial court's January 3, 2012, entry does not satisfy the requirements for a final, appealable order.

{¶6} In reaching this decision, we acknowledge that the fact of conviction is referenced in the trial court's November 21, 2011, entry. However, we cannot combine two documents to create a final, appealable order. This is so because "[t]he Supreme Court of Ohio has held in a noncapital criminal case that '[o]nly one document can constitute a final appealable order.'" *State v. Thompson*, 4th Dist. No. 10CA3177, 2011-Ohio-1564, ¶ 11, quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-

3330, 893 N.E.2d 163, ¶ 17.  Consequently, because there is no final, appealable order, we conclude that we lack jurisdiction to consider this appeal.  *State v. Baker* at ¶ 6 ("A court of appeals has no jurisdiction over orders that are not final and appealable.").

{**¶7**} Accordingly, we must dismiss the appeal.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Kline, J.: Concur in Judgment and Opinion.


For the Court,

BY:   _____
          Matthew W. McFarland, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**