[Cite as *State v. Chesser*, 2013-Ohio-5567.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA48 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| JOSEPH CHESSER, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 12/11/13** |

_____

APPEARANCES:

David J. Winkelmann, Millfield, Ohio, for Appellant.

Patrick J. Lang, Athens City Law Director, Athens, Ohio, for Appellee.
_____

McFarland, P.J.

{¶1}  This is an appeal from an Athens Municipal Court judgment entry imposing Appellant Joseph Chesser's original jail term of twenty-seven days after Appellant was found guilty of violating his previously imposed probation.  Appellant had previously pled no contest to a first degree misdemeanor violation of R.C. 4301.69(E)(1), underage possession of alcohol.  Appellant's counsel has advised this Court that, after reviewing the record, he cannot find a meritorious claim for appeal.  As a result, Appellant's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

{¶2} However, because our independent review of the record indicates that the trial court's February 20 and December 19, 2012, entries were not final, appealable orders, we are without jurisdiction to consider this matter and therefore must dismiss the appeal. In dismissing this appeal, however, in accordance with the procedure set forth in *Anders*, the motion of counsel for Appellant requesting to withdraw as counsel is granted.

FACTS

{¶3} Appellant was charged with a first degree misdemeanor violation of R.C. 4301.69(E)(1), underage possession of alcohol on August 16, 2011. Appellant initially pled not guilty but later changed his plea to no contest on February 20, 2012. This case was identified below as 11CRB02256. In what purports to be a sentencing entry dated February 20, 2012, Appellant was sentenced to thirty days in jail, credit for time served, with twenty-seven days suspended, and was placed on probation.[1] This form, however, does not identify the name of the offense to which Appellant was pleading, nor does it include the code section or degree of offense. It simply references case number 11CRB02256.

{¶4} A notice of probation violation was filed on June 21, 2012. The record indicates that a probation revocation hearing was held on December

---

[1] This Court is unable to decipher the exact sentence, which was handwritten by the trial court judge.

19, 2012, however that transcript was not transmitted to this Court, despite Appellant's request to the clerk to do so. The record further contains an untitled form dated December 19, 2012, which purports to be a sentencing entry, signed by the trial court judge indicating that the previously suspended twenty-seven-day jail term was being imposed. Again, there is no stated criminal offense, degree of offense or code section listed on this form, but rather the form simply references case number 11CRB02256. Appellant did not file a direct appeal from his original conviction for underage drinking but now appeals from the decision revoking his probation and imposing his suspended jail term. It is from this purported sentencing entry that Appellant now brings his appeal.

## LEGAL ANALYSIS

{¶5} In the current action, Appellant's counsel advises that the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders*, counsel has filed a brief raising three potential assignments of error for this Court's review. Counsel's potential assignments of error are as follows:

"I.     INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO
        CHALLENGE THE ALLEGED VIOLATION AT ISSUE ON
        STATE AND FEDERAL CONSTITUTIONAL GROUNDS.

II.     PLAIN ERROR BY THE TRIAL COURT ON THE SAME
        GROUNDS.

III.    THAT THE PLEA WAS NOT MADE KNOWINGLY,
        VOLUNTARILY OR INTELLIGENTLY."

However, after independently reviewing the record, based upon the following reasons, we conclude that neither of the trial court's purported sentencing entries were final appealable orders.  As such, we do not reach the merits of Appellant's potential assignments of error.

{¶6}  The record before us contains two different documents, purportedly sentencing entries, one related to a conviction for an original charge and the other issued after a probation revocation hearing.  Although both documents contain the case caption, the sentence, the case number and are signed by the judge and file stamped in the Athens Municipal Court, only the February 20, 2012, form contains the plea of Appellant and the finding of guilty by the trial court, and neither form identifies the name or degree of the offense or the code section at issue.

{¶7}  "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. While both entries at issue contain the sentence, the judge's signature, and the time

stamp indicating the entry upon the journal by the clerk, the fact of conviction is in question on each. Although the entries reference the case number, the entries themselves do not indicate the names of the crimes, nor do they contain a code section or degree of offense. In order for us to determine what Appellant originally pled guilty to, and for that matter whether Appellant even pled to the probation violation, we must look back to the complaint to determine the charged offense, and in the case of the probation violation, the transcript of the revocation hearing, which as mentioned above, was not transmitted on appeal.

{¶8} We cannot combine two documents to create a final, appealable order. This is so because "[t]he Supreme Court of Ohio has held in a noncapital criminal case that '[o]nly one document can constitute a final appealable order.' " *City of Logan v. Conkey*, 4th Dist. Hocking No. 11 CA34, 2012-Ohio-4687, ¶ 6; quoting *State v. Thompson*, 4th Dist. Ross No. 10CA3177, 2011-Ohio-1564, ¶ 11; quoting *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. As such, not only does the trial court's December 19, 2012, entry not satisfy the requirements for a final, appealable order, neither did the original sentencing entry dated February 20, 2012.

{¶9} Consequently, because the entries related to Appellant's underlying convictions are not final, appealable orders, we conclude that we lack jurisdiction to consider the present appeal. Accordingly, based upon the foregoing, we must dismiss the appeal. As indicated, however, we also grant counsel's motion to withdraw pursuant to *Anders v. California*.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,


BY:     _____
            Matthew W. McFarland
            Presiding Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**