[Cite as *State v. Hall*, 2021-Ohio-791.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0031** |
| ANTHONY LEON HALL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CR 00285.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Jason Mark Jordan*, Jason M. Jordan Legal Services, LLC, 3580 Darrow Road, Stow, Ohio 44224 (For Defendant-Appellant).


MARY JANE TRAPP, P.J.

{¶1} Appellant, Anthony Leon Hall ("Mr. Hall"), appeals from the judgment entry of the Trumbull County Court of Common Pleas sentencing him to a prison term of 12 months following his guilty plea to violating community control.

{¶2} Mr. Hall presents two assignments of error, contending that (1) the trial court erred by originally sentencing him to a prison term and a consecutive community control sanction; and (2) since the trial court improperly imposed the consecutive community

control sanction, his subsequent 12-month prison sentence for violating community control is void.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The Supreme Court of Ohio has recently clarified that sentences based on an error are voidable if the court imposing the sentence has jurisdiction over the case and the defendant. Thus, if a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court. Mr. Hall has not asserted that the trial court lacked subject-matter or personal jurisdiction when it originally sentenced him. Therefore, the trial court's original sentencing error involved the exercise of its jurisdiction, making Mr. Hall's sentence voidable, not void. Since Mr. Hall failed to raise the error in a direct appeal, he is now barred by res judicata from collaterally attacking his original sentence.

{¶5} (2) Mr. Hall's subsequent sentence for violating community control is not void. His original sentence was voidable, not void, and he is barred from collaterally attacking it by the doctrine of res judicata. Further, he has not asserted that the trial court lacked subject-matter or personal jurisdiction when it sentenced him for his community control violation.

{¶6} Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶7} On May 15, 2019, the Trumbull County Grand Jury indicted Mr. Hall for forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(a)(b) (count 1) and two counts of

2

receiving stolen property in violation of R.C. 2913.51(A) and (C) (counts 2 and 3), all fifth-degree felonies.

{¶8} The following day, Mr. Hall pleaded not guilty to the charges and entered written and oral pleas of guilty to count 1 (forgery) and count 2 (receiving stolen property) in exchange for the state's agreement to dismiss count 3 (receiving stolen property).

{¶9} The trial court engaged Mr. Hall in a Crim.R. 11 colloquy, and the state presented the following factual basis:

{¶10} "Your Honor, on or about the date referenced in the indictment, in Trumbull County, State of Ohio, this Defendant was in possession of a stolen check which was drawn from an account of the Warren City Salvation Army. He did present that document for payment and he received $400. He did that twice, in total. That's why the restitution amount is $800.

{¶11} "To prove these allegations the State would have brought forth the testimony of officers with the Warren City Police Department and employees of the Salvation Army."

{¶12} The trial court accepted Mr. Hall's guilty pleas and found him guilty. Mr. Hall waived a presentence investigation, and the matter proceeded immediately to sentencing.

{¶13} The trial court sentenced Mr. Hall to a prison term of six months on count 1 (forgery); five years of community control sanctions on count 2 (receiving stolen property) to be served following his release from prison; and restitution in the amount of $800. The trial court subsequently issued a judgment entry memorializing Mr. Hall's guilty pleas and sentences. Mr. Hall did not appeal.

{¶14} In May 2020, Mr. Hall appeared for a community control violation hearing, where he pleaded guilty to the violation. Defense counsel requested that the trial court dismiss the community control violation, arguing that Mr. Hall's original sentence was a "blended sentence" that was contrary to the Supreme Court of Ohio's decision in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164. The trial court responded that it disagreed with defense counsel's application of *Hitchcock* with respect to "blended sentences" but that the issue could be raised on appeal.

{¶15} The trial court sentenced Mr. Hall to a prison term of 12 months to run consecutive to the sentence recently imposed in a separate criminal case (case no. 2019 CR 00882). The trial court subsequently issued a judgment entry memorializing Mr. Hall's guilty plea and sentence.

{¶16} Mr. Hall filed a notice of appeal. He also filed motions for bail and suspension of execution of sentence pending appeal in both the trial court and in this court, which were overruled.

{¶17} Mr. Hall presents the following two assignments of error for our review:

{¶18} "[1.] The trial court committed sentencing error when it imposed a prison term on felony Count One, and a consecutive community control sanction on felony Count Two.

{¶19} "[2.] The trial court committed sentencing error when it sentenced Defendant-Appellant to another twelve-month prison term based on violation of the consecutive community control sanction."

4

**Original Sentence**

{¶20} In his first assignment of error, Mr. Hall contends that the trial court erred by originally sentencing him to a prison term of six months on count 1 (forgery) and a consecutive, five-year term of community control on count 2 (receiving stolen property).

{¶21} Mr. Hall cites the Supreme Court of Ohio's decision in *Hitchcock*, *supra*, where the court held that "unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count." *Id.* at ¶ 24.

{¶22} The state concedes that Mr. Hall's sentence was contrary to *Hitchcock* but contends that Mr. Hall's argument is barred by the doctrine of res judicata because he did not raise the error in a direct appeal. We agree.

{¶23} In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Supreme Court of Ohio recently "realigned" its jurisprudence "with the traditional understanding of void and voidable sentences." *Id.* at ¶ 43. According to the court, "'when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void.'" *Id.* at ¶ 26, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, ¶ 21. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.*

{¶24} Following *Harper*, the court has expressly held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 1. Thus, "if

5

a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19. *See also State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608 ¶ 16 (concluding that because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was "now barred by the doctrine of res judicata").

{¶25} The court has further noted that "[p]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.'" *Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Henderson* at ¶ 36.

{¶26} Mr. Hall's original sentence was contrary to *Hitchcock* since the trial court imposed a community-control sanction on one felony count to be served consecutively to a prison term on another felony count. *See id.* at ¶ 24-25. While the trial court construed *Hitchcock* to mean that a trial court cannot impose "more than a maximum sentence on any one count," the express holding in *Hitchcock* is not susceptible to such an interpretation.

{¶27} Despite the trial court's error, Mr. Hall has not asserted that the trial court lacked subject-matter or personal jurisdiction when it originally sentenced him. Therefore, the trial court's error involved the exercise of its jurisdiction, making Mr. Hall's sentence voidable, not void. Since Mr. Hall failed to raise the error in a direct appeal, he is now barred by the doctrine of res judicata from collaterally attacking his original sentence.

{¶28} Our conclusion is in accord with those of our sister districts that have applied the Supreme Court of Ohio's recent precedent to the same issue. *See State v. Pettus*, 1st Dist. Hamilton No. C-190678, 2020-Ohio-4449, ¶ 18; *State v. Thompson*, 10th Dist. Franklin No. 19AP-359, 2020-Ohio-6756, ¶ 12-13.

{¶29} Our conclusion is also in accord with our prior decision in *State v. Hedges*, 11th Dist. Lake No. 2019-L-135, 2020-Ohio-4528, where we applied *Harper* and held that a trial court's imposition of a sentencing package in violation of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, was voidable error subject to res judicata and not void. *Id.* at ¶ 12.

{¶30} Mr. Hall's first assignment of error is without merit.

**Sentence for Community Control Violation**

{¶31} In his second assignment of error, Mr. Hall contends that the trial court erred by sentencing him to a 12-month prison term for his violation of community control.

***Standard of Review***

{¶32} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. That provision states:

{¶33} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶34} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not

7

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶35} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶36} "(b) That the sentence is otherwise contrary to law."

### Analysis

{¶37} Mr. Hall argues that since the trial court improperly imposed the prior community control sanction, his subsequent 12-month prison sentence for violating community control is void.

{¶38} Mr. Hall appears to argue that his original sentence is void, rendering his subsequent sentence also void. However, Mr. Hall's position is not consistent with the Supreme Court of Ohio's recent precedent.

{¶39} As the court recently explained, "[a] void judgment is rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings." *Henderson*, *supra*, at ¶ 17. By contrast, "[a] voidable judgment is one pronounced by a court with jurisdiction." *Id*. "[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *Id*. "The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id*.

{¶40} As demonstrated above, Mr. Hall's original sentence was voidable, not void, and he is barred from collaterally attacking it by the doctrine of res judicata. Further, Mr.

8

Hall has not asserted that the trial court lacked subject-matter or personal jurisdiction when it sentenced him for the community control violation. Accordingly, Mr. Hall's subsequent sentence for violating community control is not void.

{¶41} Mr. Hall's second assignment of error is without merit.

{¶42} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.