[Cite as *State v. Gross*, 2021-Ohio-3289.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

MIGEL MANUEL GROSS,

      Defendant-Appellant.

CASE NO. 2021-L-042

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2010 CR 000728

## O P I N I O N

Decided: September 20, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Migel Manuel Gross*, pro se, PID# A602-478, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}    Appellant, Migel Manuel Gross ("Mr. Gross"), appeals from the Lake County Court of Common Pleas' judgment that denied his "Motion to Correct Entry" regarding his 2011 convictions for kidnapping, rape, gross sexual imposition, and unlawful sexual conduct with a minor. The trial court found his claims regarding merger of allied offenses and consecutive sentence findings were barred by the doctrine of res judicata and should have been raised on direct appeal.

{¶2} Mr. Gross raises two assignments of error on appeal, contending that the trial court erred by denying his motion because at the time of sentencing it failed to: (1) merge the counts of kidnapping and rape pursuant to *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), because these offenses are always allied offenses of similar import, and (2) include consecutive sentence findings pursuant to R.C. 2929.14(C)(4) in the sentencing judgment entry.

{¶3} After a review of the record and pertinent caselaw, we find Mr. Gross's assignments of error to be without merit. Mr. Gross should have raised these arguments regarding merger of allied offenses and lack of consecutive sentence findings pursuant to R.C. 2929.14(C)(4) on direct appeal. Thus, the trial court did not err in finding his motion was precluded under the doctrine of res judicata.

{¶4} The judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural Facts**

{¶5} In *State v. Gross*, 11th Dist. Lake No. 2011-L-073, 2012-Ohio-3020, this court affirmed Mr. Gross's convictions for kidnapping, rape, gross sexual imposition, and unlawful sexual contact with a minor.

{¶6} We reviewed the following facts in our opinion:

{¶7} Mr. Gross was visiting at the minor victim's house, who was at home with her mother and her siblings, including her older sister and her sister's two children. The older sister, who was also an acquaintance of Mr. Gross, was cleaning the room she shared with her children. Mr. Gross came into the room and made sexual advances toward her, which she rejected. Mr. Gross became angry and sat in a chair outside of her bedroom in the hallway, close to the door. Approximately five to ten minutes later,

2

the older sister opened her bedroom door and noticed all the lights were out in the home. She attempted to open her little sister's door, but Mr. Gross's body was blocking the entrance, and she observed Mr. Gross performing oral sex on the minor. Despite yelling and hitting Mr. Gross, he refused to get off of the minor victim. *Id.* at ¶ 2-5.

{¶8} The minor victim also testified at trial. She stated that she was sitting against the door to prevent Mr. Gross from entering her bedroom. Mr. Gross forced his way in, pulled her down, put his head between her legs, and put his mouth on her vagina. She was unable to push him off – Mr. Gross was 5'8" and weighed 310 pounds. *Id.* at ¶ 3, 7.

{¶9} After the incident, Mr. Gross incessantly telephoned the home, at times calling every 30 seconds for several hours. He also offered the victim's older sister $500 if she would not report the incident to the police. The telephone calls, all initiated by Mr. Gross, were documented through phone records. *Id.* at ¶ 6. The detective who interviewed the minor also testified that after an interview with her older sister, the minor victim was more "willing and able to tell her side of the story." *Id.* at ¶ 8.

{¶10} The jury also heard an audio-taped interview of Mr. Gross's version of events. He admitted to officers that he had consensual sex with the minor victim. He later recanted his statement and then claimed he was about to give oral sex to the minor and she informed him she was 18 years of age. *Id.* at ¶ 9.

{¶11} Mr. Gross was found guilty on all four counts. *Id.* at ¶ 10.

{¶12} A review of the transcript reveals that during the sentencing hearing, defense counsel raised the issue of merger, arguing that the rape and kidnapping charges should be merged because the asportation was extremely minimal with a single animus

3

and single conduct. Based on the facts at trial, the trial court determined the offenses did not constitute "the same conduct with a single state of mind" and that the two counts should not be merged.

{¶13} A review of the sentencing entry reveals the consecutive sentence findings required by R.C. 2929.14(C)(4) that the trial court articulated on the record at the hearing did not make their way into the judgment entry.

{¶14} Mr. Gross was sentenced to a 15-year total term of imprisonment.

{¶15} On appeal, Mr. Gross raised six assignments of error, contending that (1) the trial court improperly permitted jury questions; (2) the trial court allowed prejudicial other acts evidence; (3) the verdict was against the manifest weight of the evidence, and the evidence was insufficient to sustain the verdict; (4) opinion/expert opinion testimony regarding the alleged victim's emotional state, reasons for inconsistency, and delayed reporting should have been inadmissible; (5) ineffective assistance of counsel; and lastly, (6) the trial court erred in failing to consider and issue a jury instruction regarding the definition of "force." We found Mr. Gross's assignments to be without merit and affirmed the judgment of the Lake County Court of Common Pleas. *Id.* at ¶ 11-88.

{¶16} Eleven years later, in March 2021, Mr. Gross filed a "Motion to Correct an Entry that's [sic] Contrary to Law," contending that the offenses of kidnapping and rape were allied offenses and should have been merged and that the trial court failed to consider the factors of R.C. 2929.14(C)(4) in the judgment entry of his sentence. The state argued that res judicata precluded the trial court from considering Mr. Gross's motion because sentencing errors must be brought on direct appeal.

4

{¶17} The trial court denied the motion after finding that both of Mr. Gross's arguments were barred by res judicata. The trial court noted that it specifically considered merging the kidnapping and rape convictions during the sentencing hearing, that Mr. Gross admitted the issue of merger was raised by his attorney during the sentencing hearing, and that he could have raised the issue on direct appeal.

{¶18} Mr. Gross raises two assignments of error on appeal:

{¶19} "[1.] Judge, Eugene A. Lucci was in error and the appellant was prejudice. [sic] When the court refused to accept, honor and uphold: *State v. Logan*, 60 Ohio St.3d 125 [sic], 397 N.E.2d 1345 (1979).

{¶20} "[2.] Judge, Eugene A. Lucci was in error and the appellant was prejudice. [sic] When the court refused to accept, honor and uphold: *State v. Payne*, 2019-Ohio-2852."

**Res Judicata**

{¶21} In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Supreme Court of Ohio "realigned" its jurisprudence "with the traditional understanding of void and voidable sentences." *Id.* at ¶ 43. According to the court, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, 21. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.*; *State v. Hall*, 11th Dist. Trumbull No. 2020-T-0031, 2021-Ohio-791, ¶ 23-24.

{¶22} Following *Harper*, the court expressly held that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated

5

term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1. Thus, "if a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19. *See also State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608 ¶ 16 (concluding that because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was "now barred by the doctrine of res judicata").

{¶23} We conclude the trial court possessed subject-matter jurisdiction over Mr. Gross's case and personal jurisdiction over Mr. Gross. *See Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8, (recognizing that "'a common pleas court has subject-matter jurisdiction over felony cases'"); *Henderson* at ¶ 36 citing *Tari v. State*, 117 Ohio St. 481, 490, 159 N.E. 594 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the court's jurisdiction rendered Mr. Gross's sentence voidable, not void. *See State v. Christy*, 5th Dist. Fairfield No. 20-CA-29, 2021-Ohio-1470, ¶ 26.

{¶24} Because Mr. Gross could have raised his argument regarding allied offenses on direct appeal, the trial court did not err in finding his motion was precluded under the doctrine of res judicata. "'The imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing and remedied on direct appeal.'" *State v. Brooks*, 2d Montgomery No. 29004, 2021-Ohio-

6

2427, ¶ 9, quoting *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 15.

{¶25} Similarly, Mr. Gross could have, but did not, raise an argument on direct appeal regarding the absence of consecutive sentence findings pursuant to R.C. 2929.14(C)(4) in the sentencing entry. *See State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶ 8 (appellant was barred by the doctrine of res judicata since any error in failing to make the consecutive sentence findings should have been raised on direct appeal).

{¶26} Even prior to the Supreme Court of Ohio's holdings in *Harper* and *Henderson*, claims of merger and consecutive sentence findings were considered voidable sentencing errors that must be raised on direct appeal. *See State v. Adams*, 10th Dist. Franklin No. 14AP-623, 2015-Ohio-868, ¶ 8 (claims regarding merger and consecutive sentence findings were barred by the doctrine of res judicata).

{¶27} Based on the foregoing, Mr. Gross's assignments of error are overruled. The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

JOHN J. EKLUND, J.,

concur.

7

Case No. 2021-L-042