[Cite as *State v. Mullins*, 2024-Ohio-986.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 2023CA0004 |
| | : | |
| MICHAEL MULLINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Morrow County Court of
                                 Common Pleas, case no. 2020CR0125

JUDGMENT:                        REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:          March 15, 2024

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

MORROW COUNTY PROSECUTOR                  APRIL F. CAMPBELL
60 East High Street                       Campbell Law, LLC
Mount Gilead, OH 43338                    545 Metro Place South, Ste. 100
                                          Dublin, OH 43017

*Delaney, P.J.*

{¶1} Appellant Michael Mullins appeals from the April 28, 2023 Journal Entry of the Morrow County Court of Common Pleas overruling his motion to withdraw his guilty plea. Appellee state of Ohio did not appear in the instant appeal.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following statement of facts is taken in part from the sworn affidavit of Sgt. Fox of the Morrow County Sheriff's Office filed August 24, 2020.

{¶3} On August 22, 2020, Fox responded to an address on State Route 288 for "a report of a female who escaped a domestic violence situation." He met with Jane Doe, who had multiple visible injuries to her face. Jane reported that her boyfriend, appellant, "tackled her, pulled her hair, choked her, and punched her in her sides." Fox noted Jane had "marks in all of the places she described being assaulted," specifically, her eyes were red and swollen, her neck and face were bruised, and there was slight bruising to the side of her body. Fox photographed Jane's injuries and obtained her written statement.

{¶4} Deputy Atwell later located appellant at a different address and arrested him.

{¶5} Fox requested a warrant for domestic violence as a felony of the third degree because of two prior domestic violence convictions on appellant's criminal history.

{¶6} Appellant was charged by indictment with one count of domestic violence pursuant to R.C. 2919.25(A) and (D)(4), a felony of the third degree. The indictment notes appellant has two prior domestic violence convictions in Crawford County.

{¶7} Appellant entered a plea of not guilty and the matter was scheduled for trial by jury.

{¶8} During the pendency of the case, appellee moved to revoke appellant's bond several times, although the motions were later withdrawn. One bond revocation arose from appellant's indictment for yet another charge of domestic violence in Crawford County while he was out on bond in the instant case. While the instant case was pending, appellant was convicted in the Crawford County case and sentenced to time served.

{¶9} Appellant was out of jail for around five days when he reported for pretrial supervision in the instant case and tested positive for use of methamphetamine.

{¶10} On the eve of jury trial in the instant case, the parties told the trial court appellant made several recorded phone calls to Jane Doe from jail in which he made statements which "could be considered intimidation." T. August 30, 2021, 3. Appellant threatened Jane Doe and the prosecutor during the calls.

{¶11} On August 30, 2021, a "Plea Agreement" was filed, stating appellant would change his plea to guilty as charged and acknowledged a potential prison term of up to 36 months with a mandatory period of post-release control. The Agreement noted the trial court made no commitment on sentencing, but appellee would recommend a prison term of 24 months in exchange for appellant's guilty plea. Further, appellee would not pursue indictments on potential intimidation charges arising from appellant's jail calls to Jane Doe.

{¶12} The trial court accepted appellant's guilty plea as charged and deferred sentencing.

{¶13} A sentencing hearing took place on October 6, 2021. The trial court obtained a pre-sentence investigation from appellant's contemporary Crawford County domestic violence case and noted appellant took no responsibility for his actions, had

issues of mental health and substance abuse, and had a history of domestic violence convictions. The trial court thereupon sentenced appellant "to 36 months of incarceration in a state prison with 24 months being mandatory," as stated in the trial court's sentencing entry.

{¶14} Appellant filed a pro se notice of appeal on September 7, 2022, and a motion for leave to file a delayed appeal. This Court overruled the motion for delayed appeal and denied a subsequent motion for reconsideration.[1]

{¶15} On April 26, 2023, appellant filed a pro se "Motion for Withdrawal of Plea" arguing his sentence was contrary to law and defense trial counsel was ineffective in representing him.

{¶16} The trial court overruled the motion for withdrawal of plea by Journal Entry dated April 28, 2023.

{¶17} Appellant now appeals from the trial court's journal entry overruling his motion to withdraw his guilty plea.

{¶18} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶19} "MULLINS' MOTION TO WITHDRAW HIS PLEA SHOULD HAVE BEEN GRANTED BECAUSE MULLINS' SENTENCE WAS VOID: THE TRIAL COURT ERRED IN IMPOSING A MANDATORY PRISON SENTENCE, AND ERRED IN IMPOSING A SPLIT OR HYBRID SENTENCE BY MAKING PART OF HIS PRISON SENTENCE MANDATORY."

---

[1] Appointed counsel filed a supplemental motion for reconsideration stating appellant sought to appeal the trial court's maximum sentence of "36 months with 24 months being mandatory." The supplemental motion for reconsideration was also overruled.

## ANALYSIS

{¶20} In his sole assignment of error, appellant argues the trial court should have granted his motion to withdraw his guilty plea. To the extent that the trial court erred in sentencing appellant to a "mandatory term," we agree.

{¶21} Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. No. 09-CA-132, 2010-Ohio-2566, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶22} Appellate review of a trial court's decision under Crim.R.32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Tinney*, 5th Dist. No. 2011 CA 41, 2012-Ohio-72, ¶25, citing *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} Appellant was indicted upon, convicted of, and sentenced upon one count of domestic violence pursuant to R.C. 2919.25(A) and (D)(4). Those sections state the following:

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

\* \* \* \*.

(D)(1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

\* \* \* \*.

(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, and a violation of division (C) of this section is a misdemeanor of the first degree.

{¶24} Appellant has two prior convictions of domestic violence and was therefore properly charged with a felony of the third degree. However, appellant's prison term is mandatory only "if the offender knew that the victim of the violation was pregnant at the time of the violation." *Id.* In the instant case, there is no evidence or allegation that the victim was pregnant at the time of the offense or that appellant knew her to be.

{¶25} Appellant is therefore not subject to a mandatory prison term in the instant case and the trial court erred in referring to 24 of the 36 months imposed as "mandatory."

Upon our review of the record, it appears the trial court sought to impose 24 months pursuant to the plea agreement and to effectively "suspend" 12 months on the condition of appellant's compliance with probation conditions. However, describing the 24-month sentence as "mandatory" is not authorized by R.C. 2919.25(D)(4) and has resulted in miscalculation of appellant's prison sentence.

{¶26} In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. A voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. *Id. State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 21, overruled on other grounds. Generally, imposition of a void sentence results in placing the parties in the position as if the sentence had never been imposed, and may be corrected pursuant to a motion to withdraw plea. See, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶¶ 8-10, superseded on other grounds. In the instant case, the trial court lacked authority to impose a "mandatory" term, therefore the sentence imposed was void and may be corrected by appellant's motion to withdraw plea.

{¶27} We find the trial court imposed a sentence unauthorized by statute and therefore remand this matter to the trial court for correction of the sentence; the trial court should impose a non-mandatory authorized sentence of 24 months in accord with the parties' agreement and with the sentence imposed by the trial court at the sentencing hearing.

## CONCLUSION

{¶28} The judgment of the Morrow County Court of Common Pleas is therefore reversed, appellant's sentence is vacated, and the matter is remanded to the trial court for resentencing in accord with this opinion.

By: Delaney, P.J.,

Gwin, J. and

King, J., concur.