[Cite as *State v. Feathers*, 2024-Ohio-5373.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

DAVID E. FEATHERS,

      Defendant-Appellant.

CASE NOS. 2024-P-0036
2024-P-0037

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2004 CR 00424
2016 CR 00695

## O P I N I O N

Decided: November 12, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David E. Feathers*, pro se, PID# A763-828, Grafton Correctional Institution, 2500 Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, David E. Feathers, appeals from the judgments of the Portage County Court of Common Pleas, denying his motion to withdraw his guilty plea and request for a final order. For the following reasons, we affirm the judgments of the lower court.

{¶2} On November 4, 2004, in Portage County Court of Common Pleas Case No. 2004 CR 00424, Feathers was indicted for Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (2); Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (2); and Domestic Violence, a

felony of the fifth degree, in violation of R.C. 2919.25. His convictions for these offenses were reversed on appeal. *State v. Feathers*, 2007-Ohio-3024 (11th Dist.).

{¶3} On May 28, 2008, Feathers entered a plea of guilty to the offenses as charged in an Amended Indictment, which amended the Domestic Violence charge to a fourth-degree felony. He was sentenced to consecutive prison terms of eight years for Aggravated Burglary, four years for Felonious Assault, and one year for Domestic Violence. He received judicial release in 2015.

{¶4} On September 22, 2016, in Portage County Court of Common Pleas Case No. 2016 CR 00695, Feathers was indicted for Failure to Comply with Order or Signal of Police Officer, a felony of the third degree, in violation of R.C. 2921.331. Feathers entered a plea of guilty to the offense as charged. On May 15, 2017, the court ordered Feathers to serve 180 days in jail, 12 months of intensive supervision probation, and 36 months of general probation.

{¶5} On July 19, 2019, the probation department filed a Motion to Revoke/Modify Probation in each of the two cases on the grounds that Feathers pled guilty to various charges in another county. A hearing was held for both cases on October 21, 2019, at which Feathers admitted violating the terms of his probation. The court found Feathers "is no longer amenable to community control sanctions and I'm going to terminate his probation, impose the balance of the prison term [and] . . . [t]hat will run consecutive to anything from Ashland County that has not been fulfilled." The court issued an October 23, 2019 Judgment Entry in Case No. 2016 CR 00695 which ordered Feathers to serve a term of three years in prison for the offense of Failure to Comply, consecutive to the sentence in Case No. 2004 CR 00424. On the same date, it issued a separate entry in

2

2004 CR 00424, which ordered he "shall serve the balance of his prison term." On delayed appeal, this court affirmed these judgments. *State v. Feathers*, 2021-Ohio-2886 (11th Dist.) and *State v. Feathers*, 2021-Ohio-2881 (11th Dist.). In 2021, this court also affirmed the trial court's denial of Feathers' request to withdraw his plea on the grounds that the indictment was void. *State v. Feathers*, 2021-Ohio-4137 (11th Dist.).

{¶6} Feathers filed February 23 and March 8, 2024 Requests for Notice of Final Appealable Judgment Orders raising various issues regarding his sentencing for probation violations and enhancement of an offense. He then filed a March 18, 2024 Motion to Withdraw Guilty Plea, arguing that there was no final appealable order and his sentences were void. The trial court denied the motions.

{¶7} Feathers timely appeals and raises the following assignments of error:

> [1.] The trial court abused its discretion in violation of the constitution's separation of powers, when it created its own judicially legislated enlargement of Ohio's probation statutes, when ordering packaged and split probation sentences, in violation of the [U]nited [S]tates Ex Post Facto Clause, as the unprecedented concurrent jail and consecutive prison sentences imposed as probation sanctions enhanced the penalties thereof, also enhanced the indicted offences. This procedure directly placed appellant in double jeopardy, Violated the Fifth Amendment and the Sixth Amendment due process, United States and Ohio Constitution Article I, § 10.
>
> [2.] The trial court erred when it made no findings of the penalty enhancing specifications, required for the State['s] third degree failure to comply with an order or signal of a police officer, violated Blakely, as additional findings of fact were required before imposition of appellant's mandatory consecutive thirty-six-month prison term. This procedure enhanced the penalties and placed Appellant in double jeopardy and [v]iolated his Sixth Amendment due process and U.S. and Ohio Constitutions art. I § 10.
>
> [3.] On July 26, 2018 [t]he trial court acted without jurisdiction when it created its own subsequent probation sanctions, increasing the penalties of Appellant's original terms that never went into effect, judicial enlargement of two probation statutes imposed without his or

3

his attorney's presence, memorialized on the second "memorandum order", again without required statutory provisions, 18 U.S.C.S. § 3553 (a) sentencing factors, Crim.R.32(C), thus did not constitute a valid Shepherds document. [The court v]iolated appellant[']s Sixth Amendment due process [rights] and Ohio Const. art. I § 10.

[4.] The trial court abused its discretion when it failed to grant appellant's motion to withdraw his guilty plea as to his probation violations that were void, because the trial court failed to specifically find him guilty and are judicially undecided and unpronounced consecutive sentences in open court, and not combined on single documents when originally and subsequently imposed. Under Crim.R.32 (C)[, t]his procedure is void, and placed Appellant in double jeopardy and violated his Sixth Amendment due process and Ohio Const. art. I § 10.

{¶8} We will consider Feathers' first three assignments of error jointly as they all address issues raised in his Requests for Notice of Final Appealable Judgment Orders. In his first assignment of error, Feathers argues that the court erred in imposing "packaged and split probation sentences" and could not order both a prison term and community control. In his second assignment of error, he argues that he could not be sentenced for a third-degree felony Failure to Comply conviction since certain enhancement findings were required. In his third assignment of error, Feathers argues that the trial court erred by extending his intensive probation in 2018 without giving notice or allowing him to appear. These arguments are barred by the doctrine of res judicata.

{¶9} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Moreover, "'[p]rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.'" (Citation omitted.) *State v. Hall*, 2011-Ohio-656, ¶ 7 (11th Dist.). Pursuant to the doctrine of res

4

judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Bene*, 2020-Ohio-1560, ¶ 12 (11th Dist.), citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.

{¶10} Feathers' first three assignments of error raise concerns with convictions and sentences which occurred several years prior to the present motions. These issues could have and should have been raised on appeal at the time of his conviction and/or sentencing for the probation violations. The doctrine of res judicata has been applied in similar circumstances, with this court noting: "Nothing prevented [appellant] from raising the alleged errors previously and he is not permitted to raise a different legal argument each time he discovers one." *State v. Sands*, 2021-Ohio-659, ¶ 12 (11th Dist.); *State v. Raulston*, 2019-Ohio-5189, ¶ 9 (11th Dist.) ("[r]es judicata promotes judicial economy and the finality of judgments on issues that a defendant had a fair opportunity to be heard").

{¶11} In fact, Feathers has raised several of these issues previously. He argued improper packaging of his sentence in *State v. Feathers*, 2021-Ohio-171 (11th Dist.), but the appeal was not accepted due to an over three-year delay in filing. He raised the same issue in an application for reopening in *State v. Feathers*, 11th Dist. Nos. 2020-P-0070, et al. (Nov. 8, 2021), which was found to be barred by res judicata. This court also previously addressed the issue of whether the court made the findings necessary for a felony conviction of Failure to Comply, observing that Feathers' plea of guilty to the third-degree felony was sufficient for a conviction since it "effectively admitted the findings under R.C. 2921.331(C)(5)(a)" required for a felony. *State v. Feathers*, 2021-Ohio-2881, ¶ 18 (11th Dist.), citing *State v. Wright*, 2006-Ohio-3435, ¶ 6 (11th Dist.). Finally, as to

5

the argument that he was not permitted to be heard on the extension of his intensive probation in 2018, this issue was raised in Feathers' application for reopening, with this court concluding that, even if there were error, "it would not be error vindicated through the present appeal" since it could have been raised previously and the trial court was not without jurisdiction to impose the penalty. *Feathers*, 11th Dist. Nos. 2020-P-0070, et al. (Nov. 8, 2021). This court has emphasized that a defendant cannot use motions to reiterate the same points and obtain additional opportunities to appeal. *Sands* at ¶ 14 ("Sands has repeatedly filed motion after motion in order to obtain final orders from which he can appeal . . . . The purposes of res judicata are to promote finality and judicial economy, principles which are particularly pertinent in the present case, where Sands has filed 13 appeals and 10 original actions . . ., all stemming from the same convictions.").

{¶12} Feathers asserts, however, that the judgments of the lower court were void, thereby precluding application of res judicata. In *State v. Harper*, 2020-Ohio-2913, the Ohio Supreme Court stated that, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12 and 21. "[S]entences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 2020-Ohio-4784, ¶ 1. "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19; *State v Gross*, 2021-Ohio-3289, ¶ 26 (11th Dist.) (sentencing

6

Case Nos. 2024-P-0036 and 2024-P-0037

errors rendering a sentence voidable must be raised on direct appeal).

{¶13} "[P]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.'" *Harper* at ¶ 25, quoting *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Henderson* at ¶ 36.

{¶14} As this court previously held in its ruling on Feathers' Application for Reopening, the lower court had jurisdiction over Feathers at the time of the original sentencing and probation violation sentencing since it was a common pleas court handling a felony matter and Feathers was properly arrested, arraigned, and entered a plea of guilty to the charges. *Feathers*, 11th Dist. Nos. 2020-P-0068 and 2020-P-0069 (Nov. 8, 2021).

{¶15} We observe that several issues raised by Feathers have also specifically been found to be barred when not raised on direct appeal. It has been held that res judicata bars an appellant's claims regarding a split sentence when such an issue is not raised on direct appeal. *State v. Thompson*, 2023-Ohio-4805, ¶ 40 (10th Dist.). This court has also found errors relating to the imposition of a sentencing package to be a voidable error subject to res judicata. *State v. Hall*, 2021-Ohio-791, ¶ 29 (11th Dist.). Since Feathers has either raised or should have raised the foregoing errors in prior appeals, these arguments are barred by the doctrine of res judicata.

{¶16} The first through third assignments of error are without merit.

{¶17} The fourth assignment alleges error relating to the denial of Feathers' motion to withdraw his guilty plea. He argues that there was no final order in relation to

7

the probation violations since two separate sentencing entries were issued in the two cases following a consolidated hearing and because the entries did not include all of the required elements of his conviction and sentence.

{¶18} Crim.R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Courts review such a decision for an abuse of discretion. *State v. Carabello*, 17 Ohio St.3d 66, 67 (1985). "[I]t is well-established that claims raised in a post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a direct appeal may be barred by res judicata." *State v. Carnes*, 2020-Ohio-3566, ¶ 14 (11th Dist.). However, "imposition of a void sentence . . . may be corrected pursuant to a motion to withdraw plea." *State v. Mullins*, 2024-Ohio-986, ¶ 26 (5th Dist.).

{¶19} In relation to his motion to withdraw plea, Feathers primarily reiterates his belief that a final order has not been issued. This court has found that a party can seek a final appealable order when a judgment of conviction and sentence is not final, even if such request is not immediately made. *See State v. Lusane*, 2019-Ohio-3549 (11th Dist.) (granting request for a final appealable order relating to sentencing proceeding conducted 14 years prior). However, we do not find that the trial court failed to issue a final appealable order.

{¶20} This court has previously rejected Feathers' claims that there was not a final appealable order due to the issuance of allegedly inaccurate entries or separate entries on matters heard jointly on multiple occasions. *State v. Feathers*, 11th Dist. Portage Nos. 2020-P-0070, et al. (March 27, 2024 Judgment Entry denying Motion to Vacate Void Judgments); *State v. Feathers*, 11th Dist. Portage Nos. 2020-P-0068 and 2020-P-0069

8

(November 8, 2021 Judgment Entry denying Application for Reopening); *State v. Feathers*, 11th Dist. Portage Nos. 2024-P-0036 and 2024-P-0037 (September 27, 2024 Judgment Entry denying Motion to Stay).

{¶21} Feathers cites *State v. Chesser*, 2013-Ohio-5567 (4th Dist.), in support of his contention that the entries for his probation violations were not final as they did not contain all required elements of his conviction and sentence. *Chesser* held that there was not a final order as required under Crim.R. 32 where neither the original sentencing entry nor the probation violation entry indicated the offense for which the defendant had been convicted. *Id.* at ¶ 7-9. Here, both the original sentencing entry and the entries sentencing Feathers on the probation violations stated the offenses for which he had been convicted and the probation violation entries stated that the court granted the motion to revoke, found Feathers had violated the terms of his probation, and/or that a more restrictive sentence is warranted. *See also State v. Neidler*, 2001 WL 256199, *2 (6th Dist. Mar. 16, 2001) (rejecting the appellant's argument that it was an error to revoke an appellant's probation when the original sentencing entry did not cite the statute nor crime to which he was sentenced since the defendant was "aware of which statute he was convicted of violating"). Contrary to Feathers' assertions, there was no lack of clarity as to the violations or punishments issued on the probation violations. Further, he has already appealed these entries, so the alleged lack of finality did not prohibit him from seeking judicial review.

{¶22} In relation to his additional arguments, such as issues regarding his presence at certain hearings, we reiterate that these are barred by the doctrine of res judicata for the reasons outlined above.

Case Nos. 2024-P-0036 and 2024-P-0037

{¶23} The fourth assignment of error is without merit.

{¶24} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed. Costs to be taxed against appellant.

EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-P-0036 and 2024-P-0037